## CLEMENTS v. WILLIAMS et al.

No. 8989.

Court of Civil Appeals of Texas. Austin.

Dec. 4, 1940.

Rehearing Denied Dec. 31, 1940.

Writ of Error Dismissed Feb. 12, 1941.
See 147 S.W.2d 769.

Walker & Hammett, of Lampasas, and Thos. C. Ferguson, of Burnet, for appellant.

No briefs filed for appellees.

BLAIR, Justice.

The opinion on a former appeal remanding this cause is reported in 128 S.W. 2d 103. After the remand the parties repleaded, but the issues remained substantially the same. That is, appellant sued appellee in trespass to try title for the land described. Appellee pleaded not guilty, and by cross-action sought to cancel his two deeds conveying the land to appellant, alleging that they were intended and treated by the parties as mortgages to secure two notes, one of which was alleged to be usurious, and prayed that all payments made thereon be applied to principal. Appellee also alleged that appellant obtained possession of the deeds without his knowledge or consent; that the one dated December 16, 1935, was destroyed by agreement when a part of the land conveyed by it was sold and the proceeds paid to appellant; and that possession of the deed dated February 21, 1936, conveying the land in controversy, and upon which appellant particularly relied for title, was obtained by appellant without the knowledge or consent of appellee or the escrow agent with whom the parties has placed it pending a final adjustment of their accounts. Appellant replied by a general denial, and alleged that if the note was usurious, it was the result of a mutual mistake, and prayer was that it be reformed so as to purge it of usurious interest.

On the former appeal the cause was remanded, (1) because the court refused to submit for the determination of the jury the question of whether the deed dated December 16, 1935, was intended as a mortgage; and (2) because the court permitted appellee to recover as penalty double all amounts paid on the usurious note during the two years next preceding the filing of this suit, instead of double the amount of interest paid on the usurious loan during that period, as provided by Art. 5073, R.S.1925.

On this trial the jury found: (1) That the deed dated December 16, 1935, was intended as a mortgage; (2) that the deed dated February 21, 1936, was not to be delivered but was to remain in the possession of Judge J. Tom Higgins pending a final adjustment of accounts between appellant and appellee; and (3) that at the time appellant purchased the Clark note the true amount due thereon as between appellant and appellee was $1,236.81. Upon these findings, and findings which may be assumed to have been found by the trial court, judgment was rendered that appellant take nothing by his suit in trespass to try title, and that the deeds involved be cancelled and that title and right of possession of the land be vested in appellee, hence this appeal.

The evidence relating to all indebtedness of appellee to appellant, to the usurious loan contract, and to the payments made on all indebtedness by appellee, is substantially as on the former appeal. The evidence relating to the two deeds involved and their connection with the loan transactions is much fuller on this appeal, and we regard it as establishing as a matter of law that the deed dated December 16, 1935, conveying both the interest of appellee in the 400 acres of land described and the Lampasas city property, referred

to as the "Home Place", to appellant, was intended and treated by the parties either as a mortgage or conditional sale; and that in either event such deed served its purpose and was by agreement of the parties destroyed at the time of the execution of the deed dated February 21, 1936, conveying to appellant only the Lampasas city property here involved; and upon which last deed appellant testified that he relied for title.

The total original indebtedness of appellee to appellant consisted of three items as follows:

1. A note for $470.60, secured by a deed of trust on the undivided interest of appellee in 400 acres of land in Lampasas County, which interest appellee inherited from his parents.

2. A note for $1,200, secured by a vendor's lien on the Lampasas city property in controversy, which lien was renewed and extended April 15, 1927, and the indebtedness was renewed by the $1,457.50 usurious note involved, dated April 15, 1927.

3. An open account for $100 incurred in 1934.

Payments were made from time to time on the notes mentioned in Items 1 and 2, and a claimed balance was carried into a renewal note for $960.24, dated February 2, 1934, and secured by a deed of trust lien on both the 400-acre estate land and the Lampasas city property. Nothing was paid on this note, and on December 16, 1935, appellant claimed a balance of $1,354.09 was due on Items 1, 2 and 3, and other expenses incurred in the preparation of various loan papers; and on that date the first deed was executed by appellee, conveying to appellant the two properties covered by the deed of trust, which deed, together with a contemporaneously executed escrow agreement were placed in a bank; the escrow agreement providing that if appellee paid appellant $1,354.09 prior to January 12, 1936, the deed should be returned to him, but that if he did not pay said sum by that time, the deed should be delivered to appellant; and a notation was made by the bank that it delivered the deed to appellant on January 13, 1936, in accordance with the escrow agreement. Appellant testified, however, that he extended the time 30 days in which appellee might pay the sum claimed, during which period appellee sold his interest in the 400-acre estate land to his sister for $600, which was paid to appellant. The deed dated December 16, 1935, which had not been recorded, was taken by appellant to the office of Judge Higgins and was by agreement of the parties destroyed, and the different reasons for destroying it are not material. A deed executed by appellee conveying the 400-acre estate land to his sister was dated February 21, 1936, and on the same day appellee executed the second deed, conveying only the Lampasas city property to appellant for a recited consideration of $758.09 paid. This deed was placed in the custody of Judge Higgins, with the understanding, as found by the jury, that it was not to be delivered until appellant and appellee had adjusted their accounts, or settled their debt, a dispute having arisen as to the balance owing by appellee to appellant. Thereafter numerous meetings were had in Judge Higgins's office, at which appellant and appellee tried to adjust their accounts, and various written statements of the account as covered by Items 1, 2 and 3 above, and certain expenses claimed by appellant for executing the loan papers, were made by appellant for appellee, one such statement, dated July 25, 1936, being in evidence. But the parties did not reach an agreement or settlement of the indebtedness, which was claimed by appellant to be the amount of the consideration recited in the deed of February 21, 1936; and appellant testified on the trial that he was still willing to accept the amount due him by appellee and not take the property. Sometime after July, 1936, appellant went to the office of Judge Higgins and according to his testimony obtained possession of the deed from Miss Alexander, who was doing some typing for Judge Higgins at the time. Judge Higgins was not in his office at the time, and testified that the deed was taken without his knowledge or consent; and both he and appellee testified that they did not know appellant had the deed until the trial of a forcible detainer suit later brought by appellant against appellee concerning the property in suit.

■ The above detailed evidence established as a matter of law that the deed dated December 16, 1935, was intended and treated by the parties as a mortgage or conditional sale, and was destroyed as having served its purpose. In consequence, the asserted error on the part of the trial court in refusing to define or explain what was the meaning of the deed as a mortgage is immaterial.

■ We are also of the view that the undisputed evidence showed that the parties intended and treated the second deed, dated February 21, 1936, as a mortgage. And the jury having found upon sufficient testimony that it was intended that it should remain in the possession of Judge Higgins until the accounts were adjusted or settled between appellant and appellee, appellant failed to sustain title to the land in controversy.

■ With respect to the usurious loan contract and note, dated April 15, 1927, the evidence showed that appellee purchased the Lampasas city property involved in 1920, and as part payment therefor executed a vendor's lien note for $1,200, which was duly assigned to A. G. Clark, who duly assigned it to appellant on April 15, 1927, at which time there was due as principal and interest on the note the sum of $1,236.81, as found by the jury; and at which time appellee executed a renewal and extension agreement for five years, and also executed the renewal note for $1,457.50 to appellant, payable in 53 monthly installments of $27.50 each, which bore interest at the rate of 10% from maturity. Appellant testified that there was added to the $1,236.81 principal enough interest to make the face value of the note $1,457.50, which was to be amortized by monthly payments of $27.50 each, which monthly payments included both principal and interest; and the note and contract provided that the holder could mature the entire debt upon failure to pay any monthly installment when due. As held on the former appeal, these facts showed that the note "was clearly usurious as a matter of law" [128 S.W.2d 106], under the authorities cited.

■ The jury having found that $1,236.81 was the true principal of the $1,457.50 note, which was the only fact necessary to a determination of the usurious character of the note, the trial court refused to submit the requested issue of appellant to determine whether he intended to charge or collect usurious interest. Appellant assigns this as error, which assignment is not sustained.

Appellant's allegation was that if the note were usurious, it was the result of mutual mistake. There was no evidence that appellee had anything to do with the preparation of the note. Appellant furnished the amounts and the form note, which his attorney prepared as directed by him. And under the facts above stated the note, as held on the former appeal, "was usurious as a matter of law."

■ Appellant contends that before equity would permit appellee to cancel the deeds as mortgages, he must either tender the amount of the mortgaged debt or obtain a finding that he had paid the mortgage debt. This is the true rule and it was applied in the instant case. No issue was submitted nor requested to be submitted for the jury to determine the amount of the payments that appellee had made on his indebtedness to appellant. In consequence, the trial court will be presumed to have found that the mortgage debt had been paid in support of its judgment cancelling the deeds as mortgages, if the evidence adduced will support such a finding.

The evidence as to payments is in the main undisputed. It showed that shortly after the execution of the $1,457.57 installment note, it was discovered that appellee had paid Clark $225 on the $1,200 vendor's lien note which had not been credited at the time appellant purchased it. The $225 was repaid to appellee by Clark's estate, and by agreement it was paid on the $470.60 note (Item 1), reducing it to $245, which payment was endorsed on the back of the note, and it was also endorsed on the note that all interest had been paid to March 12, 1931. Thereafter appellant calculated on the back of the note interest at the rate of 10% compounded annually, and showing a total balance of $389.56 due January 12, 1936, on the $470.60 note. This note, however, provided for only 8% interest on past due principal and interest, and the computation of interest at 10% from March 12, 1931, to February 2, 1934, when the note was renewed by a note bearing 10% interest, was error; and if corrected to allow 8% interest for such period, there was a balance of $371.69 due on the $470.60 note January 12, 1936.

The $1,457.50 note was usurious, and all payments made thereon must be applied to payment of the true principal of $1,236.81, as found by the jury. There was endorsed on the back of the $1,457.50 usurious note 33 monthly payments of $27.50 each, making a total of $907.50, the last payment being made February 18, 1930. There was also endorsed on the note, "Balance due on Principal 550.00," and "Int. Paid to Jan. 1, 1932." Appellant testified that he collected interest at the

rate of 10% on the $550 from February 18, 1930, to January 1, 1932, which would make a total of $102.33, and which, if added to the $907.50, would make a total of $1,008.83. There was also admitted four payments of $15 each made after February, 1936, a total of $60, which if added to the $1,008.83 would make a total of $1,068.83. There was also testimony of a payment of $68 made in 1932, which if added to the other payment would make a total of $1,136.83, leaving a balance of $100 due on this note. This balance added to the balance of $371.69 due on the $470.60 note would make a total of $471.69.

The open account for $100 for tires was incurred in 1934, which together with legal interest from January 1, 1935, to January 12, 1936, would amount to $106.20, which added to the $471.69 would make a total balance due of $577.89. Appellee paid appellant $600 as the sale price of his 400-acre estate land, which would leave appellant owing him $22.11.

The only other claim of indebtedness by appellant was a total of $26.50 for expenses which he claimed to have paid for the preparation of the notes, deeds, deeds of trust, etc., involved herein. The evidence was so indefinite as to these items that the trial judge could have rejected them.

We find no error and affirm the judgment of the trial court.

Affirmed.