ELBERT CLEMENTS V. JESSE WILLIAMS ET AL.

Application No. 25427. Decided February 12, 1941.
(147 S. W., 2d Series, 769.)

*Walker & Hammett,* of Lampasas, and *Thos. C. Ferguson,* of Burnet, for plaintiff in error.

PER CURIAM:

The opinion of the Court of Civil Appeals (146 S. W. (2d) 215) makes the following statement:

"Appellant testified that there was added to the $1,236.81 principal enough interest to make the face value of the note $1,457.50, which was to be amortized by monthly payments of $27.50 each, which monthly payments included both principal and interest; and the note and contract provided that the holder could mature the entire debt upon failure to pay any monthly installment when due."

It will be noted that the opinion says "and the note and contract provided that the holder could mature the entire *debt* upon the failure to pay any monthly installment when due."

We have examined the note, and we find that the Court of Civil Appeals in its opinion inadvertently used the word *debt,* when it intended to use the word *note.* The default maturity clause in the note provides that the holder at his election may "mature said note, and it shall at once become due and payable * * *." Such default maturity clause permitted the holder of this note to mature all installments as written in it, including unearned interest. This resulted in providing for a contingency under which more than ten per cent. interest per annum could be collected. Such an instrument is usurious in its inception. Shropshire v. Commerce Farm Credit Co.,120 Texas 400, 30 S.W. (2d) 282, 84 A. L. R. 1269, rehearing denied 120 Texas 412, 39 S. W. (2d) 11, 84 A. L. R. 1269. If the default maturity clause had merely provided for the maturity of the debt, the note would not be usurious because unearned interest could not be collected. Walker v. Temple Trust Co., 124 Texas 575, 80 S. W. (2d) 935.

The application for writ of error is DISMISSED W. O. J.—CORRECT JUDGMENT.

Opinion delivered February 12, 1941.