**Benton SINCLAIR, Appellant,**

v.

**MACK TRUCKS, INC., Appellee.**

**No. 16301.**

Court of Civil Appeals of Texas.

Fort Worth.

March 2, 1962.

Rehearing Denied March 30, 1962.

Bagby & Atkins and Bill Atkins, Arlington, for appellant.

John Ellis, Fort Worth, for appellee.

RENFRO, Justice.

This is a suit by plaintiff Sinclair to recover for alleged usury interest paid to defendant Mack Trucks, Inc.

On March 26, 1957, plaintiff bought a truck from defendant. Plaintiff paid part cash and executed a note, secured by a chattel mortgage, in the sum of $12,236.76. Included was the amount of $1,436.76 finance charges. The note was payable in 36 monthly installments of $339.91. The interest rate was 8% per annum. During the life of the first note, plaintiff was late

in making monthly payments, a total of 1020 days.

On July 1, 1959, at plaintiff's request, a renewal note in the sum of $4,166.28 was executed, payable in monthly installments of $347.19, beginning on August 15, 1959. The original acceleration clause was retained in the renewal note.

On August 13, 1959, a third party instituted a suit for the purpose of taking charge of the truck. Plaintiff failed to make payment to defendant on the due date of August 15, and on August 17 defendant's attorney advised plaintiff that defendant had exercised the acceleration clause, and unless the "indebtedness" was paid in accordance with said contract defendant would take immediate possession of the truck. On August 19, 1959, defendant informed plaintiff that the "payoff" at that time would be $5,594.97. Defendant abandoned this demand, however, and on August 31 accepted plaintiff's check in the amount of $4,166.28 and delivered to plaintiff the certificate of title to said truck.

The case was submitted to the court on pleadings, admissions and stipulations. As part of the stipulations defendant submitted its installment ledger and its computations showing that after adding a late charge and an attorney's fee, and after crediting plaintiff with an interest refund, it had a balance of $71.31 which it was holding for plaintiff and that it had always been ready, willing and able to refund to plaintiff that amount.

The court found that plaintiff was not entitled to recover upon his claim of usury but was entitled to a refund of the unearned interest in the amount of $71.31.

The plaintiff contends that the original and renewal agreements were usurious as a matter of law, that the stipulations show that defendant collected and retained interest in excess of 10 per cent, that judgment should have been rendered for him, and the court erred in allowing defendant an offset of $50.00 attorney's fees and $2.32 as a late charge.

The plaintiff contends the acceleration clause has enabled defendant, at its option, to mature the total amount due, including unearned interest, and therefore the interest was usurious as a matter of law.

■ The notes and chattel mortgage were not included in the stipulations. The stipulations, however, referred to an acceleration clause which permitted defendant to declare the total amount "due thereunder" payable upon default. Clauses which authorize the creditor in case of default to declare due "the principal and interest", the "whole thereof, principal, interest and attorney's fees", or "the principal and all interest accrued thereon" have been held to be not usurious, since such clauses clearly allow the collection of no more than the principal and accrued interest. In Clements v. Williams, 136 Tex. 97, 147 S.W.2d 769, the Supreme Court held: "If the default maturity clause had merely provided for the maturity of the debt, the note would not be usurious because unearned interest could not be collected."

In Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935, the Supreme Court held: "The determination of whether or not usury exists in a contract is a matter involving first and pre-eminently the principle which is the polestar of construction, to wit: The ascertainment of the dominant purpose and intention of the parties embodied in the contract, interpreted as a whole, in the light of the attending circumstances and the governing rules of law which presumptively they intended to observe and obey in making the contract. * * * It is presumed that in contracting parties intend to observe and obey the law. For this reason the court will not hold a contract to be in violation of the usury laws unless, upon a fair and reasonable interpretation of all its terms, it is manifest that the intention was to exact more interest than allowed by law. 'In short, the general rule of interpretation and construction of such contracts may be said to be

that the contract is not usurious when it may be explained on any other reasonable hypothesis.' 66 C.J. p. 173. * * * that unless the contract by its express and positive terms evidences an intention which requires a construction that unearned interest was to be collected in all events, the court will give it the construction that the parties intended that the unearned interest should not be collected."

In construing the words "amount due", we hold that in light of the above principles the notes did not, on their faces, provide for usurious interest.

We overrule plaintiff's contention that the face of the notes shows usury as a matter of law.

The defendant had the right to make bona fide charges in connection with the loans, and such charges did not render them usurious. Hudmon v. Foster, Tex. Civ.App., 210 S.W. 262, reversed on other grounds, Hudmon v. Foster, Tex.Com.App., 231 S.W. 346; C. C. Slaughter Co. v. Eller, Tex.Civ.App., 196 S.W. 704.

The note and mortgage provided for an attorney's fee of 15% of the amount due if placed in the hands of an attorney for collection. Actually the defendant charged only $50.00 for attorney's fee. It was not error for the court to allow that amount to be charged against plaintiff's account. 42 Tex.Jur., p. 935, § 42.

The question of usury is generally one of fact. Andrews v. Hoxie, 5 Tex. 171.

Since the instruments themselves did not show usury, the question as to whether usurious interest was collected was a matter for determination by the trier of facts. 42 Tex.Jur., p. 988, § 88; Andrews v. Hoxie, supra.

The trial judge found no usurious interest had been collected. In view of the record, we cannot say he was in error.

Affirmed.