**E. B. STROM, Appellant,**

v.

**Fred DICKSON, Appellee.**

No. 4025.

Court of Civil Appeals of Texas.

Waco.

July 26, 1962.

Horace G. Goodrich, Dallas, for appellant.

R. A. Kilpatrick, Cleburne, for appellee.

WILSON, Justice.

Plaintiff, an individual, sued on a promissory note payable to a partnership, alleging he was the legal and equitable owner and holder.

Defendant challenges the instrument sued on because it lacks elements of negotiability. This fact, of course, does not affect its validity. By the written instrument defendant promised to pay a sum certain in money in fixed installments. The further fact that the note was followed by a chattel mortgage form did not convert it into a contingent obligation, as defendant urges. If it be assumed it was conditional, under the Negotiable Instruments Act, this fact would not affect plaintiff's right of recovery under the record. His cause of action does not hinge on negotiability.

Complaint is made of overruling a special exception attacking the petition because it constituted a conclusion and failed to allege when or how plaintiff became the owner of the note. The general averment of ownership was sufficient. Rule 45, Texas Rules of Civil Procedure; 9 Tex.Jur.2d, Sec. 246, p. 269. There is no record to preserve a further point complaining of inadequate time being given for amendment of pleadings.

It is said the court erred in finding as a fact that plaintiff was owner of the note. It was not payable to order or bearer, and was therefore not a negotiable instrument under Art. 5932, Sec. 1, Vernon's Ann.Civ.Stat. Clay-Butler Lbr. Co. v. W. H. Pickering Lbr. Co., Tex. Com.App., 276 S.W. 664. Consequently, ownership could be transferred or established just as could ownership of other choses in action, without formal endorsement or assignment. The evidence supports the finding. Other points have been considered, and are overruled.

Affirmed.