**Rogie GRIFFIN and wife, Voicie Nell Griffin, Appellants,**

**v.**

**B & W FINANCE COMPANY, A Corporation, Appellee.**

**No. 123.**

Court of Civil Appeals of Texas.

Tyler.

April 8, 1965.

Ted Odom, Jack K. Allen, Tyler, for appellants.

Clapp & Beall, Tyler, for appellee.

DUNAGAN, Chief Justice.

This suit was filed in the County Court at Law of Smith County, Texas, by B & W Finance Company, a Texas Corporation, against Rogie Griffin and wife, Voicie Nell Griffin, to recover on a note for $612.00 with interest at 10 per cent per annum from maturity until paid, executed by the Griffins as principals on August 17, 1962, and for foreclosure of a chattel mortgage securing same. The note was payable in 18 consecutive monthly installments of $34.00 each. Defendants filed a cross-action alleging usurious interest and sought to recover damages therefor. Evidence was heard by a jury. During the presentation of testimony, the defendants announced to the court that they waived their claim of damages leaving only the allegation of usury as a defense to plaintiff's action. At the close of testimony, the court below, upon motion of the plaintiff, withdrew the case from the jury and rendered judgment for plaintiff, to which defendants duly excepted and gave notice of appeal to this court.

The primary contention made by appellants before this court is: There were questions of fact raised for the jury to pass upon and therefore the court erred in withdrawing the case from the jury.

The $612.00 note sued upon according to witness Sutton, who is vice-president, secretary and manager of the Tyler branch of B & W Finance Company, consisted of $325.00 loan to defendants at the time of the execution of the note, plus $81.00 owed on an old loan with the additional charges of 95¢ recording fee; $39.91 fire insurance covering household goods; $39.-75 unemployment insurance; $9.91 life insurance; $66.10 disability insurance; $11.-00 service fee and $39.91 interest, totaling the sum of $613.53, less $1.53 rebate which they credited to the defendants' account, leaving a balance of $612.00 being the amount sued for.

■ Appellants contend that an issue was raised by the pleadings and evidence that called for submission of an issue as to the amount borrowed and cash received by appellants at the time of the execution of the note and that this case should be reversed and remanded for this issue to be determined by the jury. We sustain this contention.

By way of cross-action appellants-defendants alleged that they only borrowed $224.00 and received that sum in cash at the time of the execution of the note in question and defendant, Rogie Griffin, so testified on the trial of this case. Appellee's witness Sutton testified that the Griffins borrowed and received the sum of $325.00 in cash at the time of the execution of the note.

The note and chattel mortgage did not show on the face thereof that interest charged was usurious.

■ The question of usury is generally one of fact. Andrews v. Hoxie, 5 Tex. 171; Sinclair v. Mack Trucks, Inc., 355 S.W.2d 563, (Tex.Civ.App.) 1962, writ refused, n. r. e.

■ Since the instruments themselves did not show usury, the question as to whether usurious interest was collected was a matter for determination by the trier of facts. Sinclair v. Mack Trucks, Inc., supra; Andrews v. Hoxie, supra; 58 Tex. Jur.2d 169, Sec. 77.

At the time of the execution of the note and chattel mortgage in question the law limited the interest that may be charged and received for the use and detention of money to not exceeding 10 per cent per annum.

■ If the contract for the use and detention of the principal debt is not a sum greater than such debt would produce at 10 per cent per annum from the time the borrower had the use of the money until it is repaid, it is not usurious. Eubanks v. Simpson, 90 S.W.2d 291, (Tex.Civ.App.) 1936, writ refused; Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464, 1937.

A simple calculation will show that if the appellants only borrowed and received $224.00 in cash at the time of the execution of the note sued upon as testified to by Rogie Griffin, the contract for the use and detention of the principal debt is a sum greater than such debt would produce at 10 per cent per annum from the time the borrowers had use of the money until it is repaid and would be usurious.

Therefore, the sum of money borrowed and cash received by the Griffins at the time of the execution of the note in question became a material issue for the jury's determination.

■ The appellants also raise questions as to whether the Griffins paid for insurance protection, whether they knew of insurance protection, if any, and whether the insurance charge was in fact a cover-up for usurious interests. In view of the fact that this case is being reversed and remanded on other grounds, it is not necessary to pass on these questions. However, in view of another trial of this case, we will point out that in the case of Ware v. Paxton, 266 S.W.2d 218, (Tex.Civ.App.) 1954, writ refused, n. r. e., the court said:

"There is evidence that Ware required Paxton to take such credit insurance as a prerequisite to the loans made in connection therewith and that Paxton was given no option in the selection of the insurance company which issued the policies. Ware was an agent for the company in which the insurance was placed and was permitted to keep and did keep approximately 84% or 85% of the premiums on such policies. Under such circumstances the court did not err in finding and in holding the charges made by Ware for such insurance to be improper and usurious interest charges. * * *"

In Hatridge v. Home Life & Accident Ins. Company, 246 S.W.2d 666, (Tex.Civ. App.) 1952, no writ history, the court held:

"* * * It shall be permissible for such lender or lender agent to require of a borrower such credit life or credit health and accident insurance or both as a condition for making the loan, if, and only if, the borrower is given the option to purchase such insurance from any insurer or insurance agent of his own choice. * * *"

 Appellants objected to the trial court admitting into evidence the note because on its face it showed to be payable to Western Finance Company and not to the plaintiff. The objection was overruled. Appellants' objection should have been sustained. The plaintiff, B & W Finance Company, in its pleadings alleged in part: "* * * On the 17th day of August, 1962, the Defendants made, executed and delivered to the B & W Finance Company of Tyler, Texas, their one certain promissory note for the sum of SIX HUNDRED TWELVE AND NO/100 ($612.00) DOLLARS, bearing date of the day and year aforesaid, payable to the order of B & W Finance Company of Tyler, Texas, * * *"

The note offered in evidence was made payable to Western Finance Company.

There is no allegation alleging ownership by transfer or any other manner.

■ In an action on a negotiable instrument, the petition should allege ownership of the paper in the plaintiff. 9 Tex. Jur.2d 269, Sec. 246. The general averment of ownership is sufficient. Strom v. Dickson, 360 S.W.2d 823, (Tex.Civ.App.) 1962, no writ history; Citizens' Nat. Bank of Waco v. Billingsley, 300 S.W. 648, (Tex.Civ.App.) 1927, err. ref.; Cawley v. Security State Bank & Trust Co., 126 S.W.2d 715, (Tex.Civ.App.) 1939, writ ref.

This cause is reversed and remanded for trial in accordance with this opinion.