Joe ECKOLS, Appellant,

v.

SABINE BANK, Appellee.

No. 8575.

Court of Civil Appeals of Texas, Beaumont.

Feb. 18, 1981.

Rehearing Denied March 12, 1981.

Jon B. Burmeister, Port Arthur, for appellant.

Jerry L. Jamieson, Waco, James M. Black, Port Arthur, for appellee.

CLAYTON, Justice.

This case involves a question of usury. Appellant Joe Eckols, filed this suit against appellee, Sabine Bank, a state bank, alleging usury with respect to thirty-one different loans made by the Bank to him over an extended period of time. After the presentation of all the evidence and both parties had rested, the trial court withdrew the

case from the jury and entered judgment for the Bank. The judgment recites there "was no issue of fact for submission to the jury, and the jury was, therefore, dismissed. The court further found that the Bank did not charge the Plaintiff more than it was entitled to charge for the expenses and interest in making the loans to the Plaintiff...."

The record shows that Eckols, a used car dealer, had dealt with the Bank for a number of years in arranging financing for various automobiles that he had sold as a wholesaler and retailer in his used car business. Typically, Eckols would borrow sufficient sums from the Bank to finance the purchase of a vehicle, sign the necessary promissory note and security agreement with respect to that vehicle, and would agree to pay an interest rate of ten (10) percent per annum during the time period in question. When Eckols sold the vehicle, he would pay the Bank all principal and interest that was due. The notes executed by Eckols were demand notes, as evidenced by the clear language of the "security agreement and note" signed by the debtor for each loan.

The Bank charged Eckols a flat sum of $25 (a charge of $15 was made on four notes) regardless of the time period the loan was outstanding and regardless of the amount of the principal involved. One of such notes for the sum of $450, executed on March 8, 1977, was paid on March 11, 1977, and a charge of $15 was made therefor. An accountant testified that, if this charge was considered as interest, the interest rate would be 405.55 percent. Another such note was for the sum of $1,300, executed on November 23, 1977, and paid six days later, and a charge of $25 was made therefor. The expert witness calculated this charge, if it was interest, would be at the rate of 116.98 percent. This witness's testimony shows that the principal amount of the notes involved herein was in the range of $450 to $4,600; most of these notes were paid within a matter of a few days to a few weeks and none longer than 2½ months. This witness further testified that the effective interest rates, if this charge is inter-est, on the notes involved herein, ranged from 11.42 percent to 405.55 percent.

The sole question before this court is whether the $25 charge (in four notes a charge of $15) constitutes interest. If such sums are interest, then such charges would unquestionably be usurious, and appellant would be entitled to damages as provided by Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (1971).

The courts of this State have repeatedly held that it is error to instruct a verdict or withdraw the case from the jury, as in this case, when the evidence raises any fact issue. In passing upon the question of the trial court's authority to instruct a verdict, the evidence must be considered in the light most favorable to the party against whom the verdict is instructed. Where there is any conflicting evidence in the record of a probative nature, a determination of the issue is for the jury. Texas Employers Ins. Ass'n v. Page, 553 S.W.2d 98 (Tex. 1977).

It is also settled law that usury, where not apparent from the face of the instrument, is a question of fact for the jury. Greever v. Persky, 140 Tex. 64, 165 S.W.2d 709 (Tex.1942); Griffin v. B. & W. Finance Company, 389 S.W.2d 350 (Tex.Civ. App.—Tyler 1965, no writ); Sinclair v. Mack Trucks, Inc., 355 S.W.2d 563, 565 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.). Whether a fee charged is interest or a service charge is also a question of fact for the jury. Kollman v. Hunnicutt, 385 S.W.2d 600 (Tex.Civ.App.—Fort Worth 1964, no writ); Ware v. Wright, 266 S.W.2d 188, 190 (Tex.Civ.App.—Dallas 1954, no writ). Likewise whether a fee is one for interest or for some other type of fee is a question of fact for the jury. Gonzales County Savings and Loan Association v. Freeman, 534 S.W.2d 903, 906 (Tex.1976).

Applying the appropriate standard of review to the record before us, we find ample evidence that the $25 fee was charged as interest and that certain officers of the Bank considered the charges as inter-

est. Such evidence, substantiated by testimony from witnesses, note jackets and computer printouts, raised a fact question which should have been submitted to the jury.

As a defense to usury, the Bank alleged and argued that the $25 charge was allowable by *Tex.Rev.Civ.Stat.Ann. art. 342–508* (1973) and *12 U.S.C. § 1831a*, Pub.L. 96–221, Title V, § 529, 94 Stat. 168 (repealed March 31, 1980). We do not agree that such charge, as a matter of law, would be permissible under these statutory provisions. The record shows a conflict in the evidence as to whether such a charge was made for the items enumerated in *Article 342–508*. In view of such conflict, a fact issue was raised as to whether the charge was made for a designated purpose and whether such charge was reasonable, both of these findings being material as to the allowance of such charges under *Article 342–508*. We also reject the argument that the charge is permissible under the provisions of *12 U.S.C. § 1831a*, the so-called "Brock amendment" which was repealed in March 1980 and *12 U.S.C. § 85* (Supp.1980). Assuming, without deciding, the applicability of these statutes, we hold they afford no relief to the Bank under the facts of this case. The Brock amendment applies only to agricultural or business loans of $25,000 or more. The loans in this case are far below this amount.

Appellee argues it is entitled to aggregate all the loans extended under its "line of credit," and that the loans as aggregated would exceed this $25,000 loan amount; and, therefore, it could charge the interest in advance as permitted under the Brock amendment. We cannot accept this argument. The loans in question were evidenced by demand notes. Each note was in an amount less than $25,000. Each note evidenced a new and independent loan, executed on different dates, maturing on different dates, and was paid on different dates; some were paid within two or three days after the loan was made. We hold that, under the facts of this case, these notes cannot be aggregated for the purpose of collecting interest in advance under the above cited statutes as though they were equivalent to a $25,000 note.

We further hold that the judgment for appellee in this case cannot be supported on the basis of *12 U.S.C. § 85*. It is not necessary to decide in this case whether *12 U.S.C. § 85* is applicable to state banks in this state through *Tex.Rev.Civ.Stat.Ann. art. 342–511* (1973), because even if the federal statutes were applicable the interest rates on the loans in question, if such charges are determined to be for interest, far exceeds the 10 percent rate allowed under that statute for loans of $25,000 or less.*

The judgment of the trial court is reversed, and the cause is remanded.

REVERSED and REMANDED.

---

* *12 U.S.C. § 85* provides that the interest rate shall be the greater of the state rate (10 percent —Texas), or one percent in excess of the federal discount rate on 90-day commercial paper in the district where the national bank is located.

The greatest allowable federal discount rate during the time of the loans in question was 6½ percent; therefore, the state rate of 10 percent is the greater of the two.