**Jad MORGAN, Appellant,**

v.

**Lane HEALY, Appellee.**

No. 18385.

Court of Civil Appeals of Texas, Fort Worth.

March 19, 1981.

Rehearing Denied April 16, 1981.

Staples & Foster and Ross T. Foster, Hurst, for appellant.

M. Ward Bailey, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

Jad Morgan has appealed a judgment notwithstanding the verdict rendered against him and in favor of Lane Healy. Mr. Healy had filed suit to foreclose a lien and collect the remaining balance due on a truck. The defense that the suit was uncollectable because of usury was raised by Morgan. The trial court granted judgment notwithstanding the verdict after the jury returned inconsistent answers to special issues.

We affirm the judgment of the trial court.

Healy and Morgan agreed to buy a truck. Purchase money, with no stated interest, was provided by Healy; title was taken by Morgan with Healy holding a first lien. After a disagreement concerning dispatching of the truck, Morgan defaulted and Healy obtained a court order to repossess the truck and sued Morgan for the remaining payments due. Morgan filed a cross-action alleging usury and seeking damages or penalties because the net earnings of the truck (and another purchased under identical terms) were split between Healy and Morgan during the term of the loan. Healy had provided money for both purchase and operating expenses with no provision for

interest on the principal or operating expense advances. The case was tried to a jury, which found some issues in Healy's favor and some in Morgan's favor. Both parties moved for judgment notwithstanding the jury's verdict to certain (different) issues. The trial court granted Healy's motion and denied Morgan's.

Five points of error are raised, the first two of which attack the trial court's decision procedurally by general points that the court erred in denying Morgan's motion for judgment and in granting Healy's motion for judgment notwithstanding the jury's answers to special issues numbers 3, 4, 5, 6, 7, 8 and 11. Because of our disposition of the three specific points of error, these two are overruled.

Morgan's remaining points of error allege that the trial court erred: 3) in failing to conclude that the jury verdict and the uncontested facts established that Healy received more than twice the amount of interest allowed by law on each loan transaction; 4) in failing to conclude that the receipt by Healy in excess of twice the amount of interest allowed by the law violated Tex. Rev.Civ.Stat.Ann. art. 5069–1.06 (1971); and 5) in concluding that Healy's receipt of interest in excess of the maximum rate was excused because the contract was not usurious at its inception.

Crucial to the points of error, special issues and judgment is an understanding of the exact agreement between Healy and Morgan. Morgan is a truck driver who at one time worked for Healy's trucking company, during which time Morgan leased trucks he owned to Healy's company. Under the lease arrangement, Morgan, as the owner-operator of the trucks, was paid a percentage of the earnings from the operation of the trucks and Healy's trucking company received the remainder.

In November of 1976 Morgan sought to acquire financing for the purchase of a truck to be operated under the auspices of Healy's company. Morgan contacted Healy about the possibility of financing the truck and Healy, individually, agreed to finance the truck on the following terms:

1) Healy would lend to Morgan the $3,660.62 necessary to purchase the truck;

2) Morgan would have an absolute obligation to repay this loan in monthly installments of $250.00;

3) Healy would pay taxes, licensing fees and operating expenses for the truck so that regardless of what repairs or other expenses might be required to keep the truck running, the truck "would not fall by the wayside because of lack of financial backing."

4) As compensation for Healy's loan and the continued financial backing for day-to-day operations, Morgan would pay Healy one-half of the net proceeds from the operation of the truck. Net proceeds were to be computed by taking the gross income of the truck and subtracting the percentage payments due the driver and the company, the truck's operating expenses, and the principal payment. (The operating expenses varied tremendously, some months amounting to several thousand dollars. Advancement of these funds was a separate and distinct consideration provided by Healy in addition to the purchase money.) After subtracting these four categories of items (driver's percentage, company's percentage, operating expenses, and principal payment), the remaining amount was divided equally between Healy and Morgan.

One truck was completely paid out under this arrangement. In November of 1977 the parties agreed to purchase a second truck under the same terms. Twelve monthly payments of $463.48 (totaling $5,561.77) were planned for the second truck; three regular payments were made plus two irregular ones, resulting in a total paid of $2,273.43 and leaving a balance due of $3,288.34. After default, Healy sued for foreclosure of the lien on the truck and judgment in the amount of any remaining debt after the truck's sale.

Trial court evidence that Healy provided both the purchase money and the varying amounts required for operating expense as needed was uncontroverted. Special issues were submitted to the jury, which found

that Morgan unconditionally agreed to repay the principal advanced for the purchase of each truck, that one truck had been paid off but that $3,288.34 was still owing on the second truck, that the division of the net proceeds was intended by the parties to be interest, that no sham or subterfuge was intended by the parties in order to circumvent the usury laws, and finding dollar amounts of attorneys' fees and net proceeds (denominated as "interest" by preceding special issues). Neither party requested a special issue concerning the uncontroverted fact that Healy had provided additional compensation for his share of the net proceeds by providing the required capital (later deducted from the truck's gross earnings) to meet the operating expenses of the truck. All of the special issues focus on the amount of net proceeds as compensation for the purchase money loan only, not as compensation for the loan and the advancement of funds as needed to meet operating expenses.

The Supreme Court considered unusual loan arrangements in *Greever v. Persky*, 140 Tex. 64, 165 S.W.2d 709 (Tex.1942) and *Stedman v. Georgetown Savings and Loan Association*, 595 S.W.2d 486 (Tex.1979). See also *Sinclair v. Mack Trucks Inc.*, 355 S.W.2d 563 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n. r. e.). We believe that this case should follow that line of cases. Appellant both in brief and oral argument has stressed the Supreme Court holding in *Windhorst v. Adcock Pipe and Supply*, 547 S.W.2d 260 (Tex.1977) that the imposition of usury penalties is triggered by either a contract for, charge of or receipt of usurious interest as provided by statute. Our holding does not conflict with that case since the net proceeds split was not compensation for the loan of principal only but was also compensation for taking the risk of financing the day-to-day operations of the truck, regardless of what profit or loss might be involved.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 provides penalties for usury. It was enacted in 1967 and amended in 1979. At the time of amendment, the calculation of the amounts involved was changed from "twice the amount of interest contracted for, charged or received" to "three times the amount of usurious interest contracted for, charged or received." The triggering language thus remains unchanged—only the amount of the penalty has been changed. Tex.Rev. Civ.Stat.Ann. art. 5069–1.06 replaced art. 5073, which at the time of its repeal provided in pertinent part that the person who had *received or collected* over the legal amount of interest was subject to the penalties established for violation of the usury laws. While this change in language may be material in other situations, we do not believe that this change in any way affects the application of *Greever v. Persky, supra* reasoning to the case at bar.

Having considered and overruled each point of error, we affirm the judgment of the trial court.