**Mikel BROOKSHIRE and Donald Flowers, Appellants,**

v.

**LONGHORN CHEVROLET COMPANY and State National Bank, Appellees.**

No. 2–89–027–CV.

Court of Appeals of Texas, Fort Worth.

April 18, 1990.

**210**

Harold Lerew, Wichita Falls, and Charles J. Mason, Fort Worth, for appellants.

Russell, Tate & Gowan, and Spencer K. Crouch, Wichita Falls, for appellee Longhorn Chevrolet Co.

Fillmore, Purtle, Spurgers, Lambert & Cantrell and Jay A. Cantrell, Wichita Falls, for appellee State Nat. Bank.

Before WEAVER, C.J., and JOE SPURLOCK, II, and MEYERS, JJ.

OPINION

JOE SPURLOCK, II, Justice.

Appellants, Mikel Brookshire and Donald Flowers, brought suit against appellees, Longhorn Chevrolet Company and State National Bank, arising out of each appellant's purchase of a motor vehicle from Longhorn Chevrolet Company by means of identically worded retail installment contracts provided by and financed through State National Bank. Appellants alleged in the trial court that the acceleration clause of the contract was usurious in violation of the Credit Code, and that the notice, insurance and acknowledgement language was in less than the ten-point type size required by the Credit Code. The trial court entered a judgment that appellants take nothing.

We reverse.

The judgment was made without evidence being presented, except for certain responses to requests for admissions and affidavits filed with Motions for Summary Judgment. The judgment did not expressly address, nor grant, any Motion for Summary Judgment. The court recited that it considered the pleadings of the parties and

made its findings. Appellants' Original Petition in this case was filed as a class action for statutory penalties under the Texas Consumer Credit Code.

In the judgment denying appellants' claims the court found:

1. The retail installment contracts, the subject of this cause ... are not usurious as a matter of law.

2. Regardless of whether the notice required by Section 7.02(2), the liability insurance statement required by Section 7.02(3) and the acknowledgment of delivery required by Section 7.02(4) of the Texas Consumer Credit Code ... is in 8 point, 9 point or 10 point type, any difference between the type requirements of the Code and the size of the same as found in the contracts is *de minimus.*

Appellants' first three points of error contend that the trial court erred in finding that the retail installment contracts were not usurious as a matter of law.

Appellants urge in support of these points that a contract is usurious if there is any contingency by which a lender may receive more than the lawful rate of interest. *See, e.g., Smart v. Tower Land & Investment Co.,* 597 S.W.2d 333 (Tex.1980); *Clements v. Williams,* 136 Tex. 97, 147 S.W.2d 769 (1941). No intent to actually charge a usurious amount is required, only the intent to make the bargain made is required. *Jim Walter Homes, Inc. v. Schuenemann,* 668 S.W.2d 324, 328 (Tex. 1984). Appellants further argue that it is sufficient to trigger the usury penalties if excess interest or time price differential is simply "contracted for." *Id.*

■ The acceleration clause in each of appellants' retail installment contracts provides as follows:

4. In the event of default the entire *unpaid balance of the Total of Payments* shall at the option of seller become immediately due and payable. See paragraph 9 on the other side for important terms and conditions. [Emphasis added.]

The "Paragraph 9" referred to in the acceleration clause defines what constitutes a default, and then provides:

... In the event of default by Buyer hereunder, the entire *unpaid balance of the Total of Payments* shall, at the option of Seller, become immediately due and payable.... [Emphasis added.]

Appellants place significance on the fact that both paragraph four (the acceleration clause) and paragraph nine (defining default) referred to the payment of the "entire unpaid balance of the Total of Payments" with "Total of Payments" capitalized, and "unpaid balance" not capitalized. "TOTAL OF PAYMENTS" is defined in the contract as the sum of the "Unpaid Balance—Amount Financed" plus the "Finance Charge." Appellants reason that "unpaid balance of the Total of Payments" (as it appears in the contracts) includes the time price differential and therefore violates the Credit Code. *Commercial Credit Corp. v. Chasteen* is cited by appellants as authority in support of these points. *See Commercial Credit Corp. v. Chasteen,* 565 S.W.2d 342 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).

*Chasteen* involved a retail installment contract with an acceleration clause similar to the one in the present case. This court held that such language meant that Commercial Credit Corp. had the right to accelerate and demand payment of "all the unpaid principal and finance charge contracted for, both earned and unearned." *Id.* at 344. The acceleration clause was found to be usurious. *Id.* at 345.

Appellees counter that "unpaid balance of the Total Payments" is the same as "Unpaid Balance—Amount Financed." They argue that acceleration of the "Unpaid Balance—Amount Financed" upon default does not violate any portion of the Credit Code. However, the contracts in question are void of any provision which states that the term "Unpaid Balance" when capitalized has a different meaning than when such term is not capitalized. Appellees overlook the contractual calculations on their form providing that the "Total of Payments" is the *sum* of the unpaid

balance of the amount financed *and* the finance charges. By the clear language of the contract, it is the *unpaid balance* of this *"Total of Payments"* which is accelerated. Their argument that upon default we should read the contractual language "unpaid balance of the total of payments" as meaning "unpaid balance—amount financed," is specious. The language of the printed contract requires item (7) (the unpaid balance of the purchase price plus other charges equals the *"amount being financed"*) to be added to item (8) *"Finance Charge"* to get item (9) *"Total of Payments."* By paragraph four and nine previously discussed, it is *only* this "Total of Payments" that can be meant when considering what is accelerated upon default. Appellees have cited no provision in the contracts, nor any rule of construction, which would permit the trial court to construe the words "unpaid balance," as used in the acceleration clauses, in any manner other than that of its ordinary meaning.

We find that a reasonable construction of the contracts in question concerning the words "unpaid balance" provides the lender the right to collect the full time price differential plus remaining interest. As a result, we hold the acceleration clauses permit appellees to charge usurious interest. We would have thought this language to be well settled in its meaning since 1978 and the discussion of similar language by Justice Spurlock, Sr. in *Chasteen,* 565 S.W.2d at 344–45. However, these contracts were made in 1978 and 1979, and the cases are just now on appeal. Appellees did not distinguish nor even discuss *Chasteen* in their brief. The court erred in holding that the contracts were nonusurious.

Appellants' first three points of error are sustained.

■ Appellants' fourth point of error urges that the trial court erred in not finding that the retail installment contracts contracted for an excess of twice the time price differential allowed by law.

Appellants assert that had there been a default in the first installment payment on these retail installment contracts, appellees would have been contractually entitled to collect from appellants more than twice the amount of time price differential permitted by section 7.03(1) of the Credit Code. *See* TEX.REV.CIV.STAT.ANN. art. 5069–7.-03(1) (Vernon 1987). Appellees contend that the contract under construction will not be found usurious on its face unless it *expressly* entitles the lender, upon the happening of a contingency, to exact interest at a rate greater than that allowed by law. *Smart v. Tower Land,* 597 S.W.2d at 341. We hold that the contracts on their face do expressly entitle the lender, upon the happening of a contingency, to collect interest at a greater rate than that allowed by law. As a result, the trial court erred in not finding that the contracts contracted for twice the time price differential.

Appellants' fourth point of error is sustained.

Appellants' fifth, sixth and seventh points of error argue generally that the trial court erred in holding that the difference in eight-point type and ten-point type for the notice statement, the liability insurance statement, and acknowledgment of delivery is *de minimus.*

There was no factual determination of the size of the type in the contracts. There is however, contrasting evidence in the record as to the actual type size of the notices in question. Appellants urge that these notices violated section 7.02 of the Credit Code because that section requires certain notices to be in ten-point bold type. Appellants have admitted that they have found no Texas case law applying the *de minimus* doctrine to type size requirements. Appellants further argue that type size is not a subject of common, every day knowledge, and therefore cannot be established by judicial notice, even though the trial court judicially noticed that the type size difference was *de minimus.*

Appellees respond by urging that appellants have waived any error of the trial court. Appellees note that summary judgment evidence was submitted by both parties in connection with the trial court's proceedings. This evidence included two affidavits; one stating that the notices in ques-

tion were in 10 point type, and the other stating they were in 8–9 point type.

■■■■ Here the trial court made no findings of fact or conclusions of law; presumptively the judgment of the trial court is upon appellees' Motion for Summary Judgment. The appellate court can only consider the material on file with the trial court as of the time summary judgment was granted. *Dorbandt v. Bailey*, 453 S.W.2d 205, 208 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.). In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984).

In this case, the evidence favorable to the non-movant (appellants) shows that the notices in question were printed in 8–9 point type. We hold that there does exist a genuine issue of material fact on the issue of type size. The trial court erred in holding that any difference in eight-point type and ten-point type is *de minimus*.

Appellants' fifth, sixth and seventh points of error are sustained.

In accordance with this opinion, this cause is reversed and rendered on the issue of usury, and reversed and remanded for trial as to the issue of type size and for a determination of damages.