Smith v. Ho

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-202-CV

REBECCA SMITH APPELLANT

V.

AMANDA HO APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Rebecca Smith appeals from the granting of summary judgment in favor of Amanda Ho.  We will liberally construe her “issues and points presented” to complain that the evidence presented to the trial court did not prove the grounds for Ho’s motion for summary judgment as a matter of law.

II.  Standard of Review

First, we observe that Smith proceeded pro se in her litigation, as she does in this appeal.  We adhere to the basic tenet that 

no basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether rules of procedure must be followed. . . . There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.  Litigants who represent themselves must comply with the applicable procedural rules or else they would be given an unfair advantage over litigants represented by counsel.

Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978).  

In a summary judgment case, the issue on appeal is whether the movant met her summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215; 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.  The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.
 

III.  Background

Ho originally sued Smith on July 22, 2003 over a loan made by Ho to Smith in the amount of $1,439.36.  Ho alleged that the loan had been unpaid and sought the principal amount, attorney’s fees, and interest from Smith.  Smith responded, pro se, in the form of a letter to the court that apparently was deemed by the court to constitute an answer to the suit.  On April 15, 2004, Ho moved for summary judgment arguing that the pleadings, affidavits, and discovery in the case attached to the motion demonstrated that there was no genuine issue as to any material fact of Ho’s cause of action for collection of the unpaid debt.  Smith responded to the motion of May 17, 2004, again by way of a letter to the court, attaching her Exhibits A through G.  None of her exhibit evidence was in affidavit or other admissible form.  On May 25, 2004, the trial court granted summary judgment against Smith in the amount of $1,439.36 plus $750.00 in attorney’s fees, $169.00 in court costs, and interest.  

IV.  Analysis

An examination of Ho’s motion for summary judgment and the admissible evidence she presented to support it shows a check in the amount of $1,439.36 made by Ho payable to the James B. Nutter Company.  A May 23, 2003 letter indicates that this money was to pay two mortgage payments on Smith’s home.  A letter dated March 17, 2002 from Smith authorizes Ho to deduct repayment of the loan that Smith owes Ho for her mortgage payment  from Smith’s wages and tips and acknowledges the $1,439.36 debt.  Ho’s evidence also includes demand letters for the money and an affidavit in support of attorney’s fees.  None of the evidence offered by Smith in response to Ho’s motion for summary judgment was in admissible form, and it cannot be considered by this court.
(footnote: 2)  Because Smith did not properly offer any evidence to create a fact question, and because Ho’s evidence is sufficient to support the trial court’s judgment, Smith’s “issues and points presented” are overruled.

V.  Conclusion

Having overruled Smith’s “issues and points presented,” we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Smith attached a “Defendant’s Affidavit of Summary Judgment and Support of Appeal Thereof,” with attached documents, to her docketing statement in this court.  This was stricken; no such affidavit was on file with the trial court at the time the motion for summary judgment was granted.  The appellate court can only consider the material on file with the trial court as of the time the summary judgment was granted.  
Brookshire v. Longhorn Chevrolet Co.,
 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ).