COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-202-CV
  
  
REBECCA 
SMITH                                                                   APPELLANT
  
V.
  
AMANDA 
HO                                                                           APPELLEE
 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Rebecca 
Smith appeals from the granting of summary judgment in favor of Amanda Ho. We 
will liberally construe her “issues and points presented” to complain that 
the evidence presented to the trial court did not prove the grounds for Ho’s 
motion for summary judgment as a matter of law.
II. Standard of Review
        First, 
we observe that Smith proceeded pro se in her litigation, as she does in this 
appeal. We adhere to the basic tenet that
  
no basis exists for differentiating between litigants represented by counsel and 
litigants not represented by counsel in determining whether rules of procedure 
must be followed. . . .  There cannot be two sets of procedural rules, one 
for litigants with counsel and the other for litigants representing 
themselves.  Litigants who represent themselves must comply with the 
applicable procedural rules or else they would be given an unfair advantage over 
litigants represented by counsel.
 
 
Mansfield 
State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).
        In 
a summary judgment case, the issue on appeal is whether the movant met her 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of 
proof is on the movant, and all doubts about the existence of a genuine issue of 
material fact are resolved against the movant. S.W. Elec. Power Co., 73 
S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 
1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 
S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its 
reasonable inferences in the light most favorable to the nonmovant. Great Am., 
391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Harwell v. State Farm Mut. Auto. Ins. Co., 
896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will 
not be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 
47. The summary judgment will be affirmed only if the record establishes that 
the movant has conclusively proved all essential elements of the movant's cause 
of action or defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 
678.
III. Background
        Ho 
originally sued Smith on July 22, 2003 over a loan made by Ho to Smith in the 
amount of $1,439.36. Ho alleged that the loan had been unpaid and sought the 
principal amount, attorney’s fees, and interest from Smith. Smith responded, 
pro se, in the form of a letter to the court that apparently was deemed by the 
court to constitute an answer to the suit. On April 15, 2004, Ho moved for 
summary judgment arguing that the pleadings, affidavits, and discovery in the 
case attached to the motion demonstrated that there was no genuine issue as to 
any material fact of Ho’s cause of action for collection of the unpaid debt. 
Smith responded to the motion of May 17, 2004, again by way of a letter to the 
court, attaching her Exhibits A through G. None of her exhibit evidence was in 
affidavit or other admissible form. On May 25, 2004, the trial court granted 
summary judgment against Smith in the amount of $1,439.36 plus $750.00 in 
attorney’s fees, $169.00 in court costs, and interest.
IV. Analysis
        An 
examination of Ho’s motion for summary judgment and the admissible evidence 
she presented to support it shows a check in the amount of $1,439.36 made by Ho 
payable to the James B. Nutter Company. A May 23, 2003 letter indicates that 
this money was to pay two mortgage payments on Smith’s home. A letter dated 
March 17, 2002 from Smith authorizes Ho to deduct repayment of the loan that 
Smith owes Ho for her mortgage payment from Smith’s wages and tips and 
acknowledges the $1,439.36 debt. Ho’s evidence also includes demand letters 
for the money and an affidavit in support of attorney’s fees. None of the 
evidence offered by Smith in response to Ho’s motion for summary judgment was 
in admissible form, and it cannot be considered by this court.[2]  
Because Smith did not properly offer any evidence to create a fact question, and 
because Ho’s evidence is sufficient to support the trial court’s judgment, 
Smith’s “issues and points presented” are overruled.
V. Conclusion
        Having 
overruled Smith’s “issues and points presented,” we affirm the trial 
court’s judgment.
   
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Smith attached a “Defendant’s Affidavit of Summary Judgment and Support of 
Appeal Thereof,” with attached documents, to her docketing statement in this 
court.  This was stricken; no such affidavit was on file with the trial 
court at the time the motion for summary judgment was granted.  The 
appellate court can only consider the material on file with the trial court as 
of the time the summary judgment was granted.  Brookshire v. Longhorn 
Chevrolet Co., 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ).