# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


**NO. 02-12-00476-CV**

MARK B. HARRISON                                                    APPELLANT

V.

BNSF RAILWAY COMPANY                                                APPELLEE

----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## CONCURRING AND DISSENTING OPINION

----------

I agree with the majority that FRSA precludes Harrison's FELA claim to the extent he asserts BNSF was negligent in choosing the ballast that caused his injuries. I separately concur to clarify what I believe to be the limits of this holding. Further, because I disagree with the majority that FRSA precludes Harrison's FELA claim to the extent it is based on BNSF's failure to provide a safe workplace, I dissent to that portion of the majority's opinion and judgment.

Harrison's claim is factually narrow. In his state petition, he averred that he was "injured while stepping off a train . . . as a result of slipping on oversized ballast on a steep incline." He raised negligence claims under FELA for BNSF's failure to provide "a reasonably safe place to work," "reasonably safe ballast," and "a reasonably safe area to disembark and walk." In his summary-judgment response, Harrison characterized his FELA claim as one "based on BNSF's failure to provide him with a reasonably safe workplace." During discovery, Harrison stated at his deposition that there was no walkway at the site where he fell on the oversized ballast. Apparently, the site previously had a walkway, but the walkway was demolished during BNSF's work on the track area and was never replaced.

I believe it to be important to clarify that all FELA claims relating to railway ballast are not *ipso facto* precluded by FRSA. In other words, an FRSA-preclusion analysis must go beyond a claimant's inclusion of the word "ballast" in his FELA claim. For example, negligence claims brought under FELA regarding injuries received while walking on ballast included as part of a walkway or other area that does not support a track or track bed are not, as a matter of law, precluded by FRSA. *E.g.*, *Allenbaugh v. BNSF Ry. Co.*, 832 F. Supp. 2d 1260, 1266–67 (E.D. Wash. 2011); *Davis v. Union Pac. R.R. Co.*, 598 F. Supp. 2d 955, 959–60 (E.D. Ark. 2009); *Grimes v. Norfolk S. Ry. Co.*, 116 F. Supp. 2d 995, 1002–03 (N.D. Ind. 2000); *Hendrix v. Port Terminal R.R. Ass'n*, 196 S.W.3d 188, 193, 200–01 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *cf. Nickels v. Grand*

*Trunk W. R.R., Inc.*, 560 F.3d 426, 432–33 (6th Cir. 2009) (holding FRSA precluded FELA claim based on ballast size because no allegation by plaintiff "that the ballast in those areas was not being used for stability"), *cert. denied*, 558 U.S. 1147 (2010); *Cowden v. BNSF Ry. Co.*, No. 4:08CV01534 ERW, 2013 WL 5442954, at *6 (E.D. Mo. Sept. 30, 2013) (holding FELA claim regarding track-supporting ballast precluded by FRSA but recognizing claims regarding ballast in walkway areas not precluded); *Brenner v. Consol. Rail Corp.*, 806 F. Supp. 2d 786, 793–96 (E.D. Penn. 2011) (holding claims "regarding the nature and size of ballast used for track stability, support, and drainage" are precluded by FRSA but recognizing nonpreclusion of claims regarding ballast in areas not being used for stability). Therefore, the operative question in this case to determine preclusion is whether Harrison's FELA claim relates to the size and condition of ballast used for track stability or relates to the size and condition of ballast used in areas not related to track stability, such as walkways.

Here, Harrison's FELA claim based on the size and condition of ballast in a track-stability area does not relate to a walkway or other area unrelated to track stability. Because it is undisputed that Harrison was not on a walkway when he fell, cases finding no FRSA preclusion for FELA claims arising from injuries caused by ballast in walkways are inapposite. *See, e.g.*, *Brenner*, 806 F. Supp. 2d at 796; *Hendrix*, 196 S.W.3d at 200–01. The amicus asserts in its brief that the location where Harrison fell necessarily was not part of track-stability ballast because the mandated width of the track-support area, the lengths of the cross

3

ties, and the overhang of the locomotive would make it impossible for Harrison to step on track-stability ballast. However, there is no summary-judgment evidence to support these facts or the amicus's urged conclusion that "no railroad . . . want[s] employees stepping down onto the support ballast because it could redistribute the ballast and affect the stability of the track." Indeed, the amicus characterizes its argument as one of "factual recognition." We are bound by the summary-judgment evidence and arguments proffered by the parties to the trial court in our scope of review. *Farlow v. Harris Methodist Fort Worth Hosp.*, 284 S.W.3d 903, 918–19 (Tex. App.—Fort Worth 2009, pet. denied); *Brookshire v. Longhorn Chevrolet Co.*, 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ). Accordingly, I concur with the majority opinion that Harrison's FELA claim based on the condition and size of the ballast he stepped on, which was located in a track-support area, is precluded by FRSA. *See Cowden*, 2013 WL 5442954, at *6.

But I respectfully dissent to the majority opinion's conclusion that Harrison's FELA claim based on BNSF's failure to provide a walkway, which resulted in his injuries, is precluded by FRSA. As indicated above, FRSA does not address walkways, and FRSA regulations "are directed toward creating a safe roadbed for trains, not a safe walkway for railroad employees who must inspect the trains." *Grimes*, 116 F. Supp. 2d at 1002–03. Because FRSA's ballast regulations do not subsume a FELA claim raising an unsafe workplace for failure to provide a walkway, I agree with those cases concluding that FRSA

4

does not, as a matter of law, preclude a railway worker's FELA claim that the area where he fell was unsafe for workers. *See Allenbaugh*, 832 F. Supp. 2d at 1267–68; *Abromeit v. Mont. Rail Link*, No. CR 09-93-M-DWM, 2010 WL 3724425, at *5 (D. Mont. Sept. 15, 2010); *Davis*, 598 F. Supp. 2d at 959–60; *Grimes*, 116 F. Supp. 2d at 1002–03.

*Allenbaugh* is particularly instructive. Allenbaugh worked for BNSF for "many years" and suffered "cumulative hip trauma" caused by working "on surfaces which were uneven, without uniform ballast, a mixture of dirt, rock and vegetation covered with debris, sloped, without dedicated walkways, and with other defective conditions which stressed his hip." *Allenbaugh*, 832 F. Supp. 2d at 1262, 1266. He brought a FELA claim against BNSF and argued that BNSF was negligent for failing to provide him a reasonably safe place to work. *Id.* at 1262. BNSF moved for summary judgment. In denying the motion, the federal district court concluded that Allenbaugh's FELA claim based on a failure to provide a reasonably safe workplace was not precluded by FRSA. *Id.* at 1267–68. The court was careful to parse Allenbaugh's FELA claims to delineate that ballast-related claims are not precluded by FRSA if the claims relate to ballast being used in areas completely separate from track support and stabilization. *Id.* at 1266–68. Although Allenbaugh raised insufficient ballast as a basis for his FELA claims, his unsafe-workplace claim was unrelated to ballast used for track support, stability, and drainage but related to "safe and suitable walkways in the railroad yards in which he worked." *Id.* at 1267. Therefore, Allenbaugh's FELA

5

claim based on an unsafe workplace was not subsumed by FRSA regulations dictating the requirements for track-supporting ballast. *Id.* at 1267–68. Likewise, Harrison has raised a claim that BNSF failed to provide a safe workplace based on the lack of an adequate walkway where he fell.

Because BNSF moved for summary judgment solely on the basis of preclusion and because I believe that Harrison's FELA claim regarding the size and condition of ballast is precluded and that Harrison's FELA claim based on BNSF's failure to provide a safe walkway is not precluded, the trial court erred by granting a final and complete summary judgment in favor of BNSF. Therefore, I must concur and dissent to the majority opinion to the extent it holds otherwise.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

DELIVERED:  January 30, 2014

6