

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00315-CV

———————————————

PATRICK JOHNSON-OLIVER, Appellant

V.

LANTANA COMMUNITY ASSOCIATION, INC., Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 22-8790-431

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In this suit against a homeowner to enforce restrictive covenants, pro se Appellant Patrick Johnson-Oliver appeals from a summary judgment granted in favor of Appellee Lantana Community Association, Inc. In three issues, Johnson-Oliver contends that the summary-judgment damages award was miscalculated because the number of days that he was in violation of the restrictive covenants was much lower than the number of days relied upon by the trial court in computing damages. He requests that the award "be recalculated" based on the correct number of days in violation and that satisfaction of the judgment, as adjusted, "be paid in full in monthly installments."

We affirm the trial court's judgment.

## I. Background

Johnson-Oliver owns property in a deed-restricted community that is governed by the Association. The Association enforces various restrictive covenants contained in its Declaration of Covenants, Conditions, and Restrictions. The relevant provisions of the Declaration (1) limit the number of animals that may be kept on a residential lot to no more than five and (2) prohibit any offensive noise, odor, and waste emitted by or from any animals extending beyond the perimeter of the residential lot.

Johnson-Oliver kept more than five dogs on his property in violation of the Declaration. Prior to April 5, 2022, the Association received numerous complaints from Johnson-Oliver's neighbors about the dogs' excessive barking and offensive

odor permeating from his property. The Association sent Johnson-Oliver multiple notices of violation and opportunities to cure, and it issued fines for his continued noncompliance with the Declaration. Johnson-Oliver received final notices of violation on April 5, 2022, and April 18, 2022. When the noncompliance continued, the Association sued Johnson-Oliver to enforce the restrictive covenants, alleging that Johnson-Oliver had breached the Declaration by violating the relevant provisions and seeking declaratory relief, permanent injunctive relief, and civil damages under Texas Property Code Section 202.004.

After Johnson-Oliver—proceeding pro se—filed his answer, the Association filed a traditional motion for summary judgment asserting that it was entitled to summary judgment as a matter of law on its claims for permanent injunctive relief, declaratory relief, and civil penalties under Texas Property Code Section 202.004. Johnson-Oliver did not file a response to the Association's motion or submit any summary-judgment evidence. Based on the evidence before it, the trial court granted summary judgment in favor of the Association and awarded $24,100 in civil damages, which were calculated at $50 per day for 482 days of violations between April 5, 2022, and August 1, 2023 (the date the judgment was signed). *See* Tex. Prop. Code Ann. § 202.004(c) (permitting trial court to "assess civil damages" of up to $200 for each day of violation of restrictive covenant). The judgment included declaratory relief rendering that the Declaration applied to Johnson-Oliver's property and that he had violated the relevant provisions of the Declaration, and it permanently enjoined him

from (1) keeping more than five dogs on his property, (2) permitting his dogs to make noise that can be heard beyond the property, and (3) permitting animal waste or discharge that can be smelled beyond the property. The Association did not seek attorney's fees.

Johnson-Oliver then filed this appeal.

## II. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

Generally, the nonmovant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment. *McConnell v. Southside ISD*, 858 S.W.2d 337, 343 (Tex. 1993); *see* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A non-movant must present its objections to a summary[-]judgment motion expressly by written answer or other written response to

4

the motion in the trial court or that objection is waived."). No response is necessary, however, when the movant's summary-judgment proof is legally insufficient. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

While the nonmovant need not file an answer or response to the summary-judgment motion, the nonmovant who does not file a response may contend on appeal *only* that the movant's evidence supporting the motion was insufficient as a matter of law or that the grounds in the motion do not dispose of all the claims in the case. *Rhone-Poulenc*, 997 S.W.2d at 223; *Clear Creek Basin*, 589 S.W.2d at 678.

### III. Analysis

Johnson-Oliver argues that the civil damages award was miscalculated because the actual number of days that he was in violation of the Declaration was much lower than the number of days relied upon in the judgment. In support of his argument, Johnson-Oliver's appellate brief includes purported evidence and attachments—which were not filed in the trial court and are not included in the appellate record—to establish the correct number of days upon which the trial court should have based its damages calculation.

When determining whether to grant summary judgment, a trial court may consider only the evidence that is "on file" with the trial court. *See* Tex. R. Civ. P. 166a(d); *Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004). Likewise, appellate courts may consider only the evidence in the record as it appeared

5

when summary judgment was rendered. *Alicea v. Curie Bldg., LLC*, 632 S.W.3d 142, 151 (Tex. App.—El Paso 2021, no pet.); *Brookshire v. Longhorn Chevrolet Co.*, 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ); *see* Tex. R. Civ. P. 166a(c). Indeed, we may not consider matters outside of the record except to determine our own jurisdiction. *See* Tex. Gov't Code Ann. § 22.220(c); *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Evidence that is not contained in the appellate record is not properly before this Court."); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.) (similar); *see also* Tex. R. App. P. 38.1(i) (requiring appellants to include in their briefs appropriate citations to the appellate record). Because the evidence and attachments in Johnson-Oliver's brief are not included in the appellate record, we cannot consider them.[1]

## A. Summary-Judgment Challenge

Although Johnson-Oliver's brief generally fails to meet the minimum standards for form and substance,[2] we address what we can discern is his only argument challenging the summary judgment: the Association was not entitled to summary

---

[1]As part of its appellate brief, the Association filed a "Motion to Strike" the evidence and attachments in Johnson-Oliver's brief that are not included in the appellate record. Based on the foregoing, the motion is granted.

[2]*See* Tex. R. App. P. 38.1(f)–(i), 38.9; *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012); *see also Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *3–4 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) (noting that pro se appellants are bound by the appellate rules and explaining the difference between flagrant rules violations and violations that nevertheless present grounds for review).

judgment on its entire claim for civil damages because he was not in violation of the Declaration for 482 days but, rather, only 163 days. He concedes that he breached the restrictive covenants and contests only the trial court's finding of the number of days in breach (482 days) and the resulting calculation of civil damages (at the rate of $50 per day of violation).

To prove its entitlement to civil damages, the Association filed the following summary-judgment evidence: the relevant portions of the Declaration and any subsequent amendments and supplements thereto; the affidavit of the president of the Association's board of directors; the affidavit of the deed restrictions coordinator for the Association's management company; letters sent to Johnson-Oliver regarding his ongoing violations; the affidavit of one of Johnson-Oliver's neighbors, along with photographs depicting the condition of Johnson-Oliver's property; and records from the Denton County Sheriff's Department for reports of noise and other "offensive behavior" from the dogs on Johnson-Oliver's property. The evidence shows that the Association began receiving complaints regarding the dogs on Johnson-Oliver's property before April 5, 2022, that the violations were ongoing and continued through the filing of this suit, and that Johnson-Oliver had "refused and continue[d] to refuse to cure the violations."[3]

---

[3]In his brief, Johnson-Oliver asserts that the "last day five or more dogs resided at the property" was August 17, 2022. Notably, he does not claim that this was also the last day that the dogs' offensive noise, odor, and waste extended beyond the perimeter of his property. Regardless, Johnson-Oliver's conclusory assertion on

7

The Association conclusively established that it was entitled to summary judgment on its claim for civil damages as awarded by the trial court. Because Johnson-Oliver did not respond to the Association's summary-judgment motion, he failed to present any controverting evidence or to otherwise defeat the Association's entitlement to summary judgment.

## B. Satisfaction of the Judgment

Johnson-Oliver requests that the damages award be paid in monthly installments. From what we are able to discern from the two sentences in his brief dedicated to this issue, he is asking this court to impose by order some post-judgment payment plan. Because this purported issue does not complain of error by the trial court or otherwise challenge the trial court's judgment, we overrule it. *See* Tex. R. App. P. 44.1 (Reversible Error in Civil Cases); *Bullough v. Buckeye Ret. Co.*, No. 05-04-01006-CV, 2011 WL 3278516, at *1 (Tex. App.—Dallas Aug. 2, 2011, no pet.) (mem. op.) ("This is not an argument that the trial court erred in rendering judgment.").

---

appeal cannot controvert the Association's summary-judgment evidence, which shows that the violations continued beyond August 17, 2022, and that they were ongoing.

## IV. Conclusion

We affirm the trial court's summary judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  July 3, 2024